IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONNIE HARRELSON, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No.  11-CV-0926-MJR |
| UNLIMITED DEVELOPMENT, INC., ) | |
| ) | |
|       Defendant. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Connie Harrelson, was terminated from her job as a dietary manager at Parkway Manor nursing home, which is operated by Defendant Unlimited Development, Inc. ("UDI"). According to the complaint (Doc. 2), in accord with the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, Harrelson was granted leave from September 10, 2010, through October 29, 2010, to care for a "family member" suffering from a serious medical illness; when she did not report for work on October 28, 2010, her employment was terminated. Harrelson brings suit under the FMLA for retaliatory discharge (Count I), and she also asserts a common law claim for intentional infliction of emotional distress (Count II).

Before the Court is Defendant UDI's motion to dismiss the FMLA claim (Count I) for lack of subject-matter jurisdiction, and to then decline supplemental jurisdiction over the intentional infliction of emotional distress claim (Count II). Plaintiff Harrelson has filed a response (Doc. 12), to which UDI filed a reply (Doc. 13).

### 1.  Standard of Review

The legal test for a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is dependent upon whether the motion

1

presents a facial or factual challenge. *See Apex Digital Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-444 (7th Cir. 2009); Steven Baicker-McKee, William M. Janssen and John B. Corr, Federal Civil Rules Handbook 2010, pp. 428-429 (2010). "Facial challenges require only that the court look to the complaint and see if the plaintiff has sufficiently *alleged* a basis of subject-matter jurisdiction." *Apex*, 572 F.3d at 443. In contrast, when considering a factual attack against jurisdiction,

> "'[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Evers v. Astrue,* 536 F.3d 651, 656-57 (7th Cir.2008) (quoting *St. John's United Church of Christ v. City of Chi.,* 502 F.3d 616, 625 (7th Cir.2007)); *see also, e.g., United Phosphorus,* 322 F.3d at 946; *Hay v. Ind. State Bd. of Tax Comm'rs,* 312 F.3d 876, 879 n. 2 (7th Cir.2002); *Sapperstein v. Hager,* 188 F.3d 852, 855 (7th Cir.1999).

*Id.* at 444. *See also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir.1995) (in determining whether subject-matter jurisdiction exists, a court "may properly look beyond the jurisdictional allegations of the compliant and view whatever evidence has been submitted on the issue."). In any event, Plaintiff bears the burden of establishing subject-matter jurisdiction. *Muscarello v. Ogle County Bd. of Com'rs*, 610 F.3d 416, 425 (7th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 809 n. 6 (1986).

UDI presents a factual challenge to subject-matter jurisdiction, contending that the "family member" referenced in the complaint is Plaintiff Harrelson's adult brother, who is not a family member covered by the FMLA. Therefore, the Court rejects Plaintiff's principal argument that the liberal notice pleading controls and the Court need not look beyond the complaint. In analyzing UDI's motion, the Court will look the language of the FMLA and the evidence and argument presented by Plaintiff in support of subject-matter jurisdiction.

Insofar as the Court's analysis may delve into the merits of the FMLA claim:

> [W]hen the defendant challenges the veracity of the facts underpinning subject matter jurisdiction, the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts. And when the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery, unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous.

*Kerns v. U.S.,* 585 F.3d 187, 193 (4th Cir. 2009) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

## 2. Analysis

The stated purpose of the FMLA is, "to entitle employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition. 29 U.S.C. § 2601(b)(2) (2006). Covered family members include a spouse, son, daughter and parent. 29 U.S.C. § 2612(a).

The complaint and Plaintiff Harrelson's response to the motion to dismiss only refer to "family member," without further specificity. Harrelson contends that the doctrines of detrimental reliance and equitable estoppel should preclude UDI from terminating her, because UDI approved her leave. *See* Doc. 12-1, pp. 1-2. In support of her response (and presumably in an attempt to fulfill her burden of establishing subject matter jurisdiction), Harrelson submits a copy of her application for FMLA leave, which states that she needed to take leave to care for her "Brother raised as son." Doc. 12-1, p. 3. Thus, it is undisputed that the relevant family member is Harrelson's brother, who is not specifically covered under 29 U.S.C. § 2612(a). 29 U.S.C. § 2612(a).

"Under the FMLA, the term "parent" is defined as "the biological parent *of an employee* or an individual who stood in loco parentis *to an employee* when the employee was a son or daughter." 29 U.S.C. § 2611(7) (2006) (emphasis added). A "son" is defined as a

3

"biological, adopted, or foster child, a stepchild, a legal ward, or a child of a person standing in loco parentis, *who is (A) under 18 years of age; or (B) 18 years of age or older and incapable of self-care because of a mental or physical disability.*." 29 U.S.C.§ 2611(12).

UDI asserts that Harrelson's brother is an adult, but no other relevant facts are alleged, and no proof is offered. More important is the fact that Harrelson's FMLA eligibility verification document only specifies that she raised her brother as a son (Doc. 12-1, p. 3). Plaintiff has offered no other proof that would bring her brother within the ambit of 29 U.S.C.§ 2611(12). 29 U.S.C.§ 2611(12). Therefore, it would appear that Harrelson has failed to satisfy her burden of establishing subject-matter jurisdiction, but the Court's analysis does not end here.

Citing *Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579 (7th Cir. 2000). Plaintiff Harrelson argues that the doctrines of detrimental reliance and equitable reliance establish subject-matter jurisdiction. Plaintiff highlights the following quote: "[A]n employer who by his silence misled an employee concerning the employee's entitlement to family leave might, if the employee reasonably relied and was harmed as a result, be estopped to plead the defense of ineligibility to the employee's claim to entitlement to family leave." *Id*. at 582. UDI's reply correctly notes that the cited language from *Dormeyer* is dicta. UDI then returns to its premise that Plaintiff cannot establish an essential element of an FMLA claim, that she is entitled to FMLA leave.

Both Plaintiff and Defendant confuse and conflate subject-matter jurisdiction and the elements of an FMLA claim—an unfortunate phenomenon recognized by the Supreme Court in *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503 (2006). In *Arbaugh*, the employee-numerosity requirement was deemed an element of a claim and non-jurisdictional. In *Minard v. ITC Delta Communications, Inc.*, 447 F.3d 352 (5th Cir. 2006), that rationale from *Arbaugh* was applied to

4

the FMLA.  The Fifth Circuit ruled that the provisions of 29 U.S.C. § 2612—specifically the "eligible employee" definition—was an element of an FMLA claim, not jurisdictional. Consistent with *Arbaugh* and *Minard*, this Court concludes that whether Plaintiff Harrelson's brother qualifies is a family member is substantive, not jurisdictional.  As in *Minard*, arguments regarding equitable estoppel and detrimental reliance pertain to the claim itself, not jurisdiction. The jurisdictional provisions in the FMLA are clearly set forth at 29 U.S.C. § 2617(a)(2) and do not include or incorporate the provisions of Sections 2611 or 2612—the provisions regarding covered family members.  Section 2617(a) provides:

> (2) Right of action
>
> An action to recover the damages or equitable relief prescribed in paragraph (1) may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of--
>
> **(A)** the employees; or
>
> **(B)** the employees and other employees similarly situated.

29 U.S.C.A. § 2617(a)(2).  *See also Minard*, 447 F.3d at 356-357.

Consequently, facially and factually, this Court has subject-matter jurisdiction to entertain Plaintiff's FMLA claim under federal question jurisdiction, 28 U.S.C. § 1331. Consequently, pursuant to 28 U.S.C. § 1367, the Court also has supplemental jurisdiction over the common law claim. Arguments regarding equitable estoppel and detrimental reliance cannot be entertained in this Rule 12(b)(1) motion.

5

### 3. Conclusion

For the reasons stated, Defendant Unlimited Development's motion to dismiss for lack of subject-matter jurisdiction (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  August 27, 2012**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**
